UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

GLENDON C. HARRISON JR.                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 5:19-CV-P32-TBR

DONNIE HALL                                                                                DEFENDANT

### MEMORANDUM OPINION

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Glendon C. Harrison Jr. leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed.

### I.

Plaintiff is incarcerated at the Ballard County Detention Center (BCDC). He sues BCDC Jailer Donnie Hall in his official capacity.

Plaintiff states as follows in the "Statement of Claims" section of the complaint:

> The jailer or jail administrator shall provide adult prisoners with a nutritionally adequate diet containing at least 2400 calories a day. Condiments shall not be included in totals.
>
> Jail or jail administrator shall maintain accurate records of all meals served. Jailer or jail personnel shall directly supervise all food prepared within the jail.
>
> Feb. 09, 2019 @ 12:00 p.m.
> We was served burnt beans and burnt cake.
>
> Feb. 09, 2019 @ 5:00 p.m.
> Was served burnt pizza . . . .

As relief, Plaintiff seeks compensatory and punitive damages.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Sixth Circuit has recognized that the Eighth Amendment requires prison officials to provide inmates with a diet that is nutritionally adequate for the maintenance of normal health. *Cunningham v. Jones*, 567 F.2d 653, 656 (6th Cir. 1977). However, "[f]ood served to inmates need not be appetizing. The Eighth Amendment merely requires . . . that it be adequate to meet an inmate's essential nutritional needs." *Heinz v. Teschendorf*, No. 05-CV-73470, 2006 U.S. Dist. LEXIS 98030, at *24 (E.D. Mich. Aug. 1, 2006).

3

Plaintiff's allegations concern two meals he was served on one day. However, he does not allege any deleterious effect caused by the diet served to him at BCDC. Thus, the Court finds that Plaintiff's allegations regarding the meals he was served on one day fail to state a claim of constitutional dimensions against BCDC. *See, e.g.*, *Wiseman v. Cate*, No. 1:13-cv-01951-MJS, 2014 U.S. Dist. LEXIS 26373, at *10-11 (E.D. Cal. Feb. 28, 2014) (finding plaintiff's allegations regarding weight loss insufficient to state a claim where medical records attached to complaint showed that although he had lost 23 lbs. over a period of 17 months, his most recent medical progress note indicated that, based upon the Center for Disease Control height and weight charts, plaintiff was not malnourished); *Newell v. Sheriff*, No. 1:11-cv-86, 2014 U.S. Dist. LEXIS 124923, at *18-19 (E.D. Tenn. Sept. 8, 2014) (finding plaintiff had failed to state a claim regarding weight loss due to a deficient diet because plaintiff did not identify his starting or present weight, failed to describe the types of food and portions served, and failed to allege the prison meals were nutritionally insufficient to maintain normal health); *but see Foster v. Runnels*, 554 F.3d 807, 812-13 (9th Cir. 2009) (holding that a prisoner who was denied 16 meals in 23 days, lost weight, and suffered headaches and dizziness as a result of inadequate nutrition alleged a sufficiently serious deprivation to implicate the Eighth Amendment); *Ward v. Gooch*, No. 5:07-CV-389-JMH, U.S. Dist. LEXIS 118566 (E.D. Ky. Nov. 5, 2010) (inmate stated claim where he alleged he was fed between 200-700 calories a day for almost a year and lost over 60 lbs.).

Moreover, to the extent that Plaintiff premises any constitutional claim upon the violation of a state regulation or policy, such as one which requires inmates to be served 2400 calories a day, the complaint nonetheless fails to state to state a claim upon which relief may be granted. This is because the violation of state statutes or regulations does not give rise to a claim

under § 1983, which addresses deprivations of rights "secured by the Constitution and laws" of the United States. § 1983; *Baker v. McCollan*, 443 U.S. 137, 140 (1979). "A state ought to follow its law, but to treat a violation of state law as a violation of the Constitution is to make the federal government the enforcer of state law. State rather than federal courts are the appropriate institutions to enforce state rules." *Archie v. Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988); *see also DeCosta v. Medina Cty.*, No. 1:04CV1118, 2006 U.S. Dist. LEXIS 32838, at *13-14 (N.D. Ohio May 24, 2006) ( "[A]ny § 1983 actions for violations of state law should be dismissed as not properly brought under § 1983 (only federal law and constitutional violations are properly brought under § 1983).").

## IV.

For the foregoing reasons, this action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
Defendant
Ballard County Attorney
4413.011

5